UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICK JOSEPH MCCABE, | Case No.: 11-CV-00003-LHK |
| Petitioner. | ORDER DENYING EX PARTE MOTION AND DISMISSING PETITION WITH LEAVE TO AMEND |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On January 3, 2011, Petitioner, via counsel, submitted an "Ex Parte Motion to Take Judicial Notice and for Immediate Ruling on Petition for Writ of Habeas Corpus."[1] The ex parte motion requests this Court to: 1) review the decision of another district court denying bail in Petitioner's underlying extradition proceeding; and 2) *deny* the petition for habeas corpus in this action in order to "facilitate judicial review" in the court of appeals. Petitioner's underlying extradition case is assigned to the Honorable Richard Seeborg, and has been referred to Magistrate Judge Nandor J. Vadas. *See In the Matter of the Extradition of Patrick Joseph McCabe*, Case No. 3:10-XR-90622-RS. An extradition hearing is scheduled for January 31, 2011 before Judge Vadas. On December 28, 2010, in the underlying extradition case, Petitioner filed an appeal to the Ninth Circuit regarding Judge Vadas' decision to deny bail.

---

[1] Petitioner did not comply with Civil Local Rule 7-10, which only allows for ex parte motions when a statute, Federal Rule, local rule or Standing Order authorizes such motions. Plaintiff has cited no such statute, Federal Rule, local rule or Standing Order authoring his ex parte motion for an immediate ruling on his habeas corpus petition.

1
Case No.: 11-CV-0003-LHK
ORDER DENYING EX PARTE MOTION AND DISMISSING PETITION WITH LEAVE TO AMEND

Petitioner has cited no authority granting this Court jurisdiction to review, and potentially grant the extraordinary remedy of habeas relief, while an appeal on exactly the same issue is pending at the federal court of appeals. The general rule is just the opposite: "the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *See Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). Petitioner does cite to one case, *Paretti v. United States*, 122 F.3d 758 (9th Cir. 1997), for the supposed proposition that "[t]his indirect method of review is traditionally used because of legal questions of whether an order denying bail in an extradition proceeding can be directly appealed to the Court of Appeals." *See* Petitioner's Ex Parte Motion at 2 [dkt. #3]. *Paretti*, however, is procedurally distinct because it did not involve simultaneous review of a habeas petition while an appeal on the same issue was pending. In fact, the Ninth Circuit in *Paretti* actually reviewed on direct appeal a magistrate judge's decision (affirmed by the district judge) denying bail in an extradition proceeding. *See* 122 F.3d at 760. Moreover, Circuit precedent does not support Petitioner's argument. *See United States v. Kirby (In re Kirby),* 106 F.3d 855, 860 (9th Cir. 1997) (holding that district judges' bail decisions in extradition cases are final, appealable orders). Although *Kirby* involved the appeal of a district judge's decision denying bail, the Ninth Circuit, in dicta, did recognize its jurisdiction to review a decision to grant or deny bail "by a magistrate or district judge to a potential extraditee." *See id.* at 861. Petitioner has provided no other authority to support his argument that the "indirect method," i.e., filing a petition for a writ of habeas corpus in the hopes it will be denied and then appealable, is "traditionally used" in extradition bail proceedings. Petitioner's own direct appeal on the denial of bail suggests otherwise.

Accordingly, Petitioner's ex parte motion is DENIED, and the Petition for a Writ of Habeas Corpus is DISMISSED WITH LEAVE TO AMEND. Any amended petition must sufficiently respond to the deficiencies identified above.

**IT IS SO ORDERED.**

Dated: January 7, 2011

LUCY H. KOH
United States District Judge

2

Case No.: 11-CV-0003-LHK
ORDER DENYING EX PARTE MOTION AND DISMISSING PETITION WITH LEAVE TO AMEND